

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable T. M. Trimble, First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:          Attorney General's File O-7522
                   Re:  Authority of County School
                        Trustees to group or annex
                        portions of school districts
                        to form a rural high school
                        district under Article 2922a
                        or 2922c, V. A. C. S.

          We have your letter of November 22, 1946, requesting an opinion from this department on the following question:

          May the County School Trustees, acting
     under Article 2922a or 2922c, V. A. C. S.,
     group or annex portions or parts of estab-
     lished school districts to form or establish
     a rural high school district?

          Article 2922a, V.A.C.S., is the statute which authorizes county school trustees to establish rural high school districts and sets out the procedure by which common or independent school districts falling within certain scholastic population may be grouped or annexed for rural high school district purposes. Article 2922c, V. A. C. S., pertains to the method and vote requirement procedure necessary for the establishment of rural high school districts which shall contain an area greater than 100 square miles or shall contain more than seven elementary school districts. Attorney General's Opinion No. O-6081, a copy of which is attached hereto, discusses at length the authority to group or annex school districts to form a rural high school district.

          Article 2922a, to the extent that it is pertinent to this opinion, reads as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"In each organized county in this State and in any county which shall hereafter be organized, the county school trustees shall have the authority to form one or more rural high school districts, by grouping contiguous common school districts having less than four hundred scholastic population and independent school districts having less than two hundred and fifty scholastic population for the purpose of establishing and operating rural high schools, provided also that the county school trustees may annex one or more common school districts or one or more independent school districts having less than two hundred and fifty scholastic population to a common school district having four hundred or more scholastic population or to an independent district having two hundred and fifty or more scholastic population upon the approval of the board of trustees of each school district affected; provided that when one or more common school districts are so annexed to a common school district having four hundred or more scholastic population, or to an independent district having two hundred and fifty, or more scholastic population, as the case may be, a board of trustees shall be elected from the district at large and shall have the management and control of the district as enlarged until the time for the next election and qualifications of trustees for common and independent districts, as provided by General Law. . . ." (Underscoring ours)

It seems apparent to this department that Article 2922a clearly provides that only districts can be grouped or annexed to form rural high school districts. We are unable to construe therein any legislative intent which would authorize the establishment of a rural high school district by the grouping or annexing of part of school districts. The Legislature having prescribed a method for the formation of rural high school districts and having limited the grouping or annexation of districts for that purpose to one or more districts, as described and defined in Article 2922a and 2922c, it follows that the county school trustees are without authority to establish a rural high

Hon. T. M. Trimble - Page 3

school district in a method at variance with the authority granted them in the said statute. It is our opinion, therefore, that your question should be answered in the negative.

We will point out, however, that under Articles 2742e and 2742f, V. A. C. S., a portion of a common school district may be annexed to an independent school district, the procedure and legality of which is fully discussed in Attorney General's Opinion No. O-6868, a copy of which is attached hereto. Thus, it is possible that a portion of an existing school district desired to be included in a proposed rural high school district, by first being annexed in accordance with Article 2742e and 2742f to a district, which subsequently under Article 2922a or 2922c is constituted a rural high school district, may, in that indirect manner, be included in a proposed rural high school district area.

Trusting the above satisfactorily answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By     Chester E. Ollison
             Assistant

CEO:bt

1946

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED